2010-02165
FILED
March 24, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002509163

5

J. RUSSELL CUNNINGHAM, State Bar #130578
ERIC R. GASSMAN, STATE BAR #260693
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Plaintiff J. Michael Hopper
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| In re:<br><br>VICKI LORRAINE KENNEDY,<br><br>Debtor. | Case No. 09-41430-D-7<br>Chapter 7 |
|---|---|
| J. MICHAEL HOPPER,<br><br>Plaintiff,<br><br>vs.<br><br>VICKI LORRAINE KENNEDY,<br><br>Defendant. | Adversary No._____ |

## COMPLAINT OBJECTING TO DISCHARGE

Plaintiff J. MICHAEL HOPPER ("Trustee"), for his complaint against defendant VICKI LORRAINE KENNEDY ("Debtor"), alleges:

1. This case was commenced by the filing of a voluntary Chapter 13 petition on October 1, 2009 by Debtor and voluntarily converted to Chapter 7 on December 21, 2009. Trustee is the duly appointed trustee for the above-captioned bankruptcy estate.

1

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in a parent bankruptcy case.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this adversary proceeding arises in a parent bankruptcy case pending in this judicial district.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) in that this is an objection to discharge.

5. On the petition date, Debtor was employed as Head of Retail Banking by Farmers & Merchants Bank of Central California ("F&M Bank"), the primary operating subsidiary of Farmers & Merchants Bancorp ("F&M Bancorp"). The sole source of Debtor's employment income during 2008 and 2009 was F&M Bank, of which Debtor is also one of five executive officers.

6. F&M Bancorp earnings for 2008 increased by 2.8%, representing the 11th consecutive year that net earnings increased over the same period the prior year.

7. In March 2009, F&M Bank was recognized by The Findley Companies, California's preeminent bank advisory and consulting firm, as the best performing large bank in California. Additionally, Bauer Financial, Inc., one of the most respected national bank rating firms announced that, for the 71st consecutive quarter, F&M Bank had earned the highest 5-Star Superior rating for financial strength and stability.

8. In April 2009, F&M Bancorp announced first quarter earnings up 4.7% from the first quarter of the prior year, noting that non-performing loans represented only 0.25% of total loans at quarter end.

9. In May 2009, F&M Bancorp declared a mid-year cash dividend up 5.2% from the prior year. Management stated: "While many banks are cutting their dividend payouts in response to the tough economic environment, this is the twelfth consecutive year that Farmers & Merchants Bancorp increased the mid-year cash dividend."

10. In December 2009, F&M Bancorp declared a record cash dividend, to be paid on January 2, 2010. Management stated, "We are pleased that Farmers & Merchants Bank's strong third quarter financial performance enabled us to increase the 2009 second half dividend." Net income for the third quarter of 2009 increased 3.5% over the prior year. Management stated that,

"the Company's key financial metrics continue to compare very favorably to others in the banking industry."

11. On October 1, 2009, with her petition, Debtor filed an application to pay filing fee in installments. On the petition date, Debtor's compensation rate was $16,400 per month (including $1,000 car allowance) plus performance bonus payable at year end. The application falsely represented that Debtor was unable to pay the filing fee except in installments. The application was granted.

12. On October 21, 2009, the clerk of the court issued an order to show cause why the case should not be dismissed for Debtor's failure to pay the $68 installment due on October 15, 2009. Debtor paid $136 to the clerk on November 4, 2009.

13. On November 10, 2009, the Chapter 13 trustee filed a motion to dismiss Debtor's case for failure to file, among other things, a credit counseling certificate, means test form, plan of reorganization, schedules, and statement of financial affairs.

14. On November 16, 2009, Debtor filed the missing documents, and a motion to convert her case to one under Chapter 7. The motion was granted on December 21, 2009. Debtor's schedules and statement of financial affairs, late-filed without leave of court, included the following false statements and omissions:

| Item | Description |
| --- | --- |
| Schedule B | 2009 performance bonus omitted. |
| Schedule I | Current gross monthly income understated by $8,700, i.e. $7,700 instead of $16,400. |
| Schedule I | Anticipated income increase, i.e. December 2009 bonus ($105,000), omitted despite receipt of prior bonuses in 2009 (aggregating $75,000). |
| SOFA #1 | 2008 gross income from employment overstated by $441,000, i.e. $776,000 instead of $335,000. |
| SOFA #2 | 2008 income other than from employment or operation of business omitted: (a) retirement fund distributions from Ohio State Teachers ($139,285), Fidelity Investments ($8,079), and JP Morgan ($585); and (b) gambling winnings ($393,487). |
| SOFA #8 | 2008 gambling losses (at least $393,487) omitted. |
| SOFA #12 | Safe deposit box omitted. |

3

15. On January 8, 2010, in addition to her regular income of $16,400 per month, Debtor received a $105,000 bonus based on her 2009 job performance at F&M Bank and reported as income for the pay period ending December 31, 2009.

16. On January 27, 2010, at a 341 Meeting, Debtor did not alert Trustee to her receipt of income in addition to what was disclosed in the schedules.

17. On February 17, 2010, at a 341 Meeting, Debtor acknowledged receipt of the $105,000 bonus, referring to same as her 2010 incentive, so as to dissuade Trustee from discovering it was based primarily upon Debtor's pre-petition performance at her job.

18. At Debtor's prior direction, $8,400 of the $105,000 bonus was transferred into her 401K account. In addition, by the hand written accounting attached as **Exhibit A**, Debtor has represented to Trustee that the balance of the bonus has been consumed by payments to more than 50 creditors, secured and unsecured, including a mortgage lender, a car lender, movers, credit cards, an attorney, an accountant, utilities, medical bills, and check cashing services. To date, Debtor has not complied with Trustee's request for independent documentary support for Exhibit A.

19. Debtor has, knowingly and fraudulently: (a) made a false oath or account; and (b) withheld from Trustee recorded information related to Debtor's property or financial affairs. Among other things, Debtor made 10 material misrepresentations and omissions in her application to pay filing fee in installments (1), Schedule B (1), Schedule I (2), SOFA #1 (1), SOFA #2 (4), SOFA #8 (1), and SOFA #12 (1). Additionally, Debtor did not disclose her January 8, 2010 receipt of the $105,000 performance bonus until February 17, 2010.

20. Debtor has, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which Debtor's financial condition or business transactions might be ascertained. Among other things, Debtor has not provided Trustee with requested independent documentary support for Exhibit A.

4

21. Debtor, with intent to hinder, delay, or defraud a creditor has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed: (a) property of Debtor within one year before the date of the filing of Debtor's petition; or (b) property of Debtor's estate, after the date of the filing of the Debtor's petition. Among other things, Debtor concealed the bonus, quickly consumed same, and upon being discovered, attempted to dissuade Trustee from investigating.

22. Debtor has failed to explain satisfactorily, before determination of discharge, loss of assets or deficiency of assets to meet Debtor's needs. Among other things, in addition to the absence of independent documentary support for Exhibit A, Debtor has failed to show Trustee how $16,400 per month, supplemented by substantial performance bonuses and retirement account distributions, leaves Debtor's estate with no visible non-exempt assets.

WHEREFORE, Trustee prays that the discharge of Debtor be denied pursuant to 11 U.S.C. Section 727(a)(2)(B), (a)(3), (a)(4)(A), (a)(4)(D), and (a)(5) and for such other and further relief as the Bankruptcy Court deems necessary and proper.

Dated: March 24, 2010  DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. Russell Cunningham, Attorneys for
Plaintiff J. Michael Hopper, Chapter 7 Trustee

$53,508.84

| # | Description | Amount | # | Description | Amount |
|---|---|---|---|---|---|
| 1. | Toyota Financial | $3172.30 | 30. | SRUD | 44.89 |
| 2. | Total Property Management | 1,665.58 | 31. | Talbots | 136.90 |
| 3. | Total Property Management | 431.42 | 31. | ~~Hibbens~~ Alan | 86.00 |
| 4. | Loan Mart | 3822.29 | 33. | T-Mobile | 171.52 |
| 5. | Castellio | 2446.00 | 34. | Erie Ins. | 491.67 |
| 6. | Az Discount Movers | 2,680.00 | 35. | Indy Mac | 1767.93 |
| 7. | Az Discount Movers | 680.00 | 36. | Amica Ins | 140.00 |
| 8. | ~~scribbled~~ /Century | 1,225.00 | 37. | Saira Cobb | 200.00 |
| 9. | One West/Indy Mac | 12,248.25 | 38. | Capital One | 202.00 |
| 10. | ~~scribbled~~ | ~~scribbled~~ | 39. | McCormick Ranch HOA | 185.00 |
| 11. | ~~scribbled~~ | | 40. | Chase | 200.00 |
| 12. | 7 Check Cashing | 2/00 | 41. | Humberto Chavez | 150.00 |
| 13. | Airline | 500.00 | 42. | Firestone | 306.12 |
| 14. | Professional Tax + Acct. | 476.18 | 43. | Comcast | 411.21 |
| 15. | Boatwright Law Office | 2/2.50 | 44. | Mary's | 313.75 |
| 16. | Erie Ins | 327.78 | 45. | Paseo Villas | 431.42 |
| 17. | Amica Ins | 586.85 | 46. | Toyota | 529.70 |
| 18. | HSBC - Powell | 119.65 | 47. | BofA - P | 122.00 |
| 19. | Chase - Powell | 100.00 | 48. | HSBC - P | 108.60 |
| 20. | Capital One - Powell | 134.00 | | Creative Chateau | 125.00 |
| 21. | BofA - Powell | 155.00 | 49. | Medical Bills | 2055.84 |
| 22. | KJ Textbooks - Powell | 325.42 | 50. | Az Dept of Revenue | 1,000.00 |
| 23. | SRUD | 95.47 | 51. | Nelli Awbrey RENT | 1,500 |
| 24. | Firestone | 275.00 | 52. | Nelli Awbrey utilities, car, cash | 1,200 |
| 25. | Home Depot | 150.50 | 53. | Nelli Awbrey | 2800 |
| 26. | Comcast | 449.86 | 54. | Landscaping A. Dreier 7269 N.Vin | 300.00 |
| 27. | Comcast | 199.66 | | | $50,560.33 |
| 28. | Creative Chateau HOA | 380.00 | | | |

Exhibit A